UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA DELGADO BARRON,<br><br>　　　　　　　　　　　　Petitioner,<br><br>v.<br><br>MATTHEW D. KENDALL,<br><br>　　　　　　　　　　　　Respondent. | Case No.: 20-cv-00648-AJB-KSC<br><br>**ORDER DENYING WITHOUT PREJUDICE PETITIONER'S EX PARTE MOTION TO STAY STATE COURT PROCEEDINGS, AND MOTION TO VACATE STATE COURT ORDER (Doc. No. 9.)** |

Currently pending before the Court is Pamela Delgado Barron's ("Petitioner") *ex parte* motion to stay the proceedings in San Diego Superior Court, and *ex parte* motion for an order vacating the February 20, 2020 temporary custody and visitation order issued by the San Diego Superior Court. (Doc. No. 9.) For the reasons set forth below, the Court **DENIES WITHOUT PREJUDICE** Petitioner's *ex parte* motion to stay and motion to vacate the San Diego Superior Court's order.

I. **BACKGROUND**

On April 2, 2020, Petitioner filed a Petition for the Return of the Child ("the Petition") pursuant to the Hague Convention on the Civil Aspects of International Child Abduction ("Hague Convention") and the International Child Abduction Remedies Act ("ICARA"). Petitioner seeks the return of her five year old child, S.D. ("the Child"), to

Mexico. Additionally, on April 3, 2020, Petitioner filed a "Memorandum of Points and Authorities in Support of Order to Show Cause Under the Hague Convention for the Scheduling of an Expedited Hearing." (Doc. No. 3.) Petitioner sought, among other things, an expedited hearing on the Petition and for this Court to vacate an order issued by the San Diego Superior Court granting Respondent temporary custody of the Child. (*Id.*) The Court ordered Respondent to show cause why the Court should not grant the Petition, and why the Court should not vacate the state court order. (Doc. No. 6.) The Court scheduled an expedited hearing for May 6, 2020. (*Id.*) On April 21, 2020, Petitioner filed an *ex parte* motion to stay the San Diego Superior Court proceedings, and an *ex parte* motion for an order vacating the San Diego Superior Court temporary custody and visitation order. (Doc. No. 9.) This order follows.

## II.     DISCUSSION

A proper *ex parte* motion must "address . . . why the regular noticed motion procedures must be bypassed," i.e., "it must show why the moving party should be allowed to go to the head of the line in front of all other litigants and receive special treatment." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). This requires the moving party to "show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures" and "that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.*; *see also Hammett v. Sherman*, No. 19-CV-605 JLS (LL), 2019 WL 8013763, at *1 (S.D. Cal. Sept. 23, 2019). Here, Petitioner seeks an *ex parte* (1) stay of the San Diego Superior Court proceedings, and (2) an order vacating the temporary emergency custody and visitation order issued by the San Diego Superior Court. The Court addresses both requests below.

### A.     Petitioner's *Ex Parte* Motion to Stay

First, on April 21, 2020, Petitioner requested *ex parte* a stay of the state court proceedings because Respondent had allegedly indicated he was going to file an *ex parte* application for an expedited Hague hearing in San Diego Superior Court on April 22, 2020.

(Doc. No. 9 at 3.) Petitioner—without explanation—requested that Respondent not be given an opportunity to respond to the instant *ex parte* application. Under Judge Anthony J. Battaglia's Civil Case Procedures Rule III.2, parties are given "until 5:00 p.m. on the next business day to respond" to *ex parte* motions. However, on April 22, 2020, before Respondent opposed, Petitioner submitted a supplemental filing, demonstrating that Respondent's *ex parte* request to schedule an expedited Hague hearing in the San Diego Superior Court had been denied. (Doc. No. 11.) The San Diego Superior Court determined that the *ex parte* application was neither a legal emergency nor was it ripe for *ex parte* relief. (Doc. No. 11 at 3.) As such, with the state court's denial of Respondent's request for an expedited Hague hearing, Petitioner's request is rendered moot, and Petitioner has not shown that she will be otherwise prejudiced. *Mission Power Eng'g Co.*, 883 F. Supp. at 492. Accordingly, Petitioner's *ex parte* motion for a stay of the state court proceedings is **DENIED WITHOUT PREJUDICE**.

### B. Petitioner's *Ex Parte* Motion to Vacate State Court Order

Next, Petitioner again seeks an order to vacate the San Diego Superior Court's temporary custody and visitation order. (Doc. No. 9 at 4.) While the Court is authorized to vacate state court orders in contravention of the Hague Convention, "the court declines to do so at this time. The state court's [] order does not create a direct conflict with any of this court's orders." *Rehder v. Rehder*, No. C14-CV-1242 RAJ, 2014 WL 5324295, at *2 (W.D. Wash. Oct. 17, 2014). In particular, the state court's temporary emergency order and this Court's April 13, 2020 order both ensure that the Child remains within this Court's jurisdiction until resolution of the Petition. (Doc. No. 6.) Furthermore, Petitioner's instant request is duplicative of relief already sought by Petitioner in her Request for an Order to Show Cause. This matter is more opportunity resolved after an opportunity is given to be heard at the expedited hearing. Additionally, should the Court decide to return the child to Mexico, it would not be bound by any state court custody determination. *See* Hague Convention, art. 17 ("The sole fact that a decision relating to custody has been given in or is entitled to recognition in the requested State shall not be ground for refusing to return a

child under this convention. . . . "). Thus, the Court also **DENIES WITHOUT PREJUDICE** Petitioner's *ex parte* request for this Court to vacate the state court's ruling.

## III.   CONCLUSION

In light of the foregoing, Petitioner's *ex parte* motions to stay and to vacate the state court order are **DENIED WITHOUT PREJUDICE**. As further guidance, the expedited telephonic hearing on May 6, 2020 will address the issues in the submitted briefing regarding the Petition and order to show cause, and particularly the issue of abstention. If determined to be necessary, the Court may schedule a further evidentiary hearing. The Court will provide the dial information to counsel in advance of the hearing.

**IT IS SO ORDERED.**

Dated:  April 28, 2020

Hon. Anthony J. Battaglia
United States District Judge